UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY LLOYD KALSO,<br><br>Petitioner,<br><br>v.<br><br>BUTTE COUNTY SUPERIOR COURT,<br><br>Respondent. | No. 2:24-cv-01003-EFB (HC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

 Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

 Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief.

 It is clear from the face of the instant petition that it was filed while petitioner's criminal case was ongoing. A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not

1

be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id*. (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a federal habeas petitioner has failed to exhaust a claim in the state courts according to these principles, a court will generally dismiss the petition without prejudice, allowing the petitioner to return to state court to exhaust the claim and then refile the federal petition. *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

////

Petitioner challenges his November 23, 2023 convictions for shooting into an unoccupied vehicle and related charges. ECF No. 7 at 2. He did not seek review of those convictions in the California Supreme Court because, at the time this petition was filed, the criminal case was "still pre-trial." *Id.* at 67.[1] He has filed no other petitions concerning the convictions. *Id.* As it is clear from the face of the petition that petitioner has not presented his claims to the California Supreme Court, the court must dismiss the petition for failure to exhaust.

Petitioner has also filed a motion for release. ECF No. 4. It is an open question in the Ninth Circuit whether district courts may grant provisional release from incarceration to a habeas petitioner pending resolution of her petition. *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016); *In re Roe*, 257 F.3d 1077 (9th Cir. 2001). If courts do possess such authority, provisional release is reserved for extraordinary cases involving special circumstances or a high probability of success. *McCandless*, 841 F.3d at 822. Release is not warranted here, as the petition is subject to dismissal for failure to exhaust.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this action. It is further RECOMMENDED that:

1. Petitioner's March 21, 2024 motion for release (ECF No. 4) be DENIED;
2. The petition be dismissed without prejudice for failure to exhaust; and
3. The Clerk of Court directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

/////

/////

---

[1] The court takes judicial notice of the Butte County Superior Court Case Information website, which states that petitioner's sentencing hearing occurred on October 2, 2024. Available at https://portal-cabutte.tylertech.cloud/Portal/Home/WorkspaceMode?p=0 (last checked November 21, 2024).

3

Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE